[No. D042716. Fourth Dist., Div. One. Mar. 3, 2004.]

THE PEOPLE, Plaintiff and Appellant, v.
CHRISTOPHER CONLEY, Defendant and Respondent.

COUNSEL

Casey Gwinn, City Attorney, Susan M. Heath, Assistant City Attorney, and David M. Stotland, Deputy City Attorney, for Plaintiff and Appellant.

Cleary & Sevilla and John J. Cleary for Defendant and Respondent.

OPINION

**McDONALD, J.**—Defendant Christopher Conley, a peace officer then employed by the Sheriff of San Bernardino County, was involved in an off-duty incident that resulted in his conviction of one count of misdemeanor battery. At the sentencing hearing, Conley petitioned for an order under Penal Code section 12021, subdivision (c)(2)[1] relieving him of the 10-year firearm prohibition prescribed by section 12021, subdivision (c)(1). The trial court granted Conley's petition and the People appealed the order to the Appellate Division of the Superior Court, which reversed the trial court's order without opinion. This court granted Conley's petition for transfer (Cal. Rules of Court, rule 62 et seq.) and we now consider whether the trial court erred in concluding Conley was eligible for the relief provided by section 12021, subdivision (c)(2).

I

FACTUAL AND PROCEDURAL BACKGROUND

In September 2000 Conley was employed by the San Bernardino County Sheriff's Department as a deputy sheriff. In the early morning hours of

---

[1] All statutory references are to the Penal Code unless otherwise specified.

September 28, Conley was asleep in the open bed of his truck when the victim (Mr. Jiminez) approached and woke Conley by rocking the truck. After an exchange of words, Conley struck Jiminez. As a result of the incident, Conley's employment was terminated by the San Bernardino County Sheriff's Department.

A jury convicted Conley of one count of battery (§§ 242/243, subd. (a)) and the court granted Conley two years' probation. At sentencing, Conley petitioned under section 12021, subdivision (c)(2) for an order relieving him of the 10-year firearm prohibition prescribed by section 12021, subdivision (c)(1), and submitted evidence that he had been a good deputy sheriff prior to the incident and wished to return to a law enforcement career. The trial court granted the petition. The People appealed the order to the Appellate Division, which reversed the trial court's order without opinion, and this court granted Conley's petition for transfer of the appeal to this court.

## II

## ANALYSIS

### A. *The People May Pursue This Appeal*

Conley argues that a judgment entered by a San Diego Superior Court judge in a prior case to which the People were a party (the prior judgment) precludes the People from appealing the present order relieving Conley of the section 12021, subdivision (c)(1) firearm prohibition. He argues the present appeal violates the injunctive aspect of the prior judgment and should therefore be dismissed. He alternatively asserts the prior judgment collaterally estops the People from relitigating whether section 12021, subdivision (c) is unconstitutional under the equal protection clauses of the California and United States Constitutions.

### *The Prior Judgment*

In 1999 the trial court issued the prior judgment, ruling that section 12021, subdivision (c) violated the equal protection clauses of the California and United States Constitutions because the distinctions drawn by that subdivision did not have a rational basis.[2] The court concluded a peace officer may

---

[2] The trial court noted a peace officer convicted of simple battery (§ 242) is subject to the firearm prohibition although a peace officer convicted of assault under color of authority (§ 149) is not subject to the same prohibition, and concluded this distinction did not have a rational basis. Additionally, the trial court noted a peace officer may obtain relief under section 12021, subdivision (c)(2) from the firearm prohibition if convicted of three specified offenses, including a conviction for inflicting corporal injury on a spouse (§ 273.5), but may not seek

not be barred from possessing a firearm under section 12021, subdivision (c) based on a conviction for simple battery, and issued an injunction (1) barring the San Diego City Attorney and San Diego County District Attorney from "prosecuting any peace officer . . . under Penal Code section 12021(c)(1) where the underlying conviction is for Penal Code section 242, simple battery" and (2) barring the San Diego Police Department and City of San Diego from "enforcing Penal Code section 12021(c)(1) against any peace officer employed by the San Diego Police Department based on a legal disability imposed by that statute as a result of a conviction for simple battery" or terminating the employment of the officer "based on a legal disability imposed by that statute as a result of a conviction for simple battery . . . ." (*SDPOA, supra,* No. 727415, at pp. 3–4.)

### The Injunction Issue

Conley argues the People may not pursue this appeal because it would violate the prior judgment's injunction against "prosecuting any peace officer. . . under Penal Code section 12021(c)(1)" if the underlying conviction is for simple battery.[3] However, the People are not "prosecuting" Conley under section 12021, subdivision (c)(1), which imposes criminal sanctions if a person subject to the firearm prohibition is found in possession of a firearm. Conley is not charged in this proceeding with a violation of section 12021, subdivision (c)(1). Rather, the People seek reversal of the order entered under section 12021, subdivision (c)(2), relieving Conley of the section 12021, subdivision (c)(1) firearm prohibition. This appeal does not violate the injunction.

### The Collateral Estoppel Issue

Conley also asserts the prior judgment, holding section 12021, subdivision (c) unconstitutional under the equal protection clauses of the California and United States Constitutions, collaterally estops the People from relitigating the enforceability of subdivision (c). We are not persuaded by this assertion for two reasons. First, although collateral estoppel may bar a party from relitigating identical factual issues actually and necessarily decided against the party in a prior final judgment (*People v. Sims* (1982) 32 Cal.3d 468, 484–490 [186 Cal.Rptr. 77, 651 P.2d 321]), Conley cites no authority

---

relief if he was convicted of a lesser offense of simple battery, and concluded this distinction did not have a rational basis. (*San Diego Police Officers Association v. San Diego County District Attorney Paul Pfingst* (Super. Ct. San Diego County, 1999, No. 727415, p. 2 (hereafter *SDPOA*).)

[3] Conley does not assert that pursuing this appeal violates the "enforcing Penal Code section 12021(c)(1) against any peace officer employed by the San Diego Police Department" aspect of the injunction. (*SDPOA, supra,* No. 727415, at pp. 3–4.)

that prior purely legal determinations by a trial court are accorded collateral estoppel effect in later proceedings. (See *In re Pedro C.* (1989) 215 Cal.App.3d 174, 181 [263 Cal.Rptr. 428] [second court not bound by decision of first court on purely legal issue].) Second, even assuming collateral estoppel can apply to determinations on questions of law, a court may decline to apply collateral estoppel if injustice would result. (*Thain v. City of Palo Alto* (1962) 207 Cal.App.2d 173, 185–186 [24 Cal.Rptr. 515].) We conclude that applying collateral estoppel would result in potential injustice because section 12021, subdivision (c) would be unenforceable in San Diego County but would remain enforceable throughout the remainder of the state, creating inconsistent results depending on the fortuity of the county in which the defendant was prosecuted. (*Thain, supra*, 207 Cal.App.2d 173; see also *People v. Mendez* (1991) 234 Cal.App.3d 1773, 1784 [286 Cal.Rptr. 216].) We therefore decline to give collateral estoppel effect to the prior order.

### B. *Conley Does Not Qualify for Relief Under Section 12021, Subdivision (c)(2)*

The People assert Conley does not qualify for the relief provided by section 12021, subdivision (c)(2) because he was convicted of an offense not included within the narrowly drawn class of offenses for which relief from the firearm prohibition may be granted.[4]

### *The Statutory Scheme*

Section 12021 provides that persons convicted of a felony or certain other offenses are forever prohibited from owning or possessing a firearm (§ 12021, subds. (a), (b)), and persons convicted of specified misdemeanor or other listed offenses are prohibited from owning or possessing a firearm for 10 years. (§ 12021, subd. (c)(1).)[5]

---

[4] The People also assert the trial court did not have authority to grant Conley relief from the firearm prohibition because Conley did not satisfy two other predicates to relief under subdivision (c)(2): he was not employed as a peace officer at the time he petitioned for relief, and he did not need a firearm for his continued employment or livelihood. We do not evaluate those arguments because we conclude the nature of Conley's underlying conviction does not qualify him for the relief he requested.

[5] Section 12021, subdivision (c)(1) provides: "Except as provided in subdivision (a) or paragraph (2) of this subdivision, any person who has been convicted of a misdemeanor violation of Section 71, 76, 136.1, 136.5, or 140, of subdivision (d) Section 148, Section 171b, 171c, 171d, 186.28, 240, 241, 242, 243, 244.5, 245, 245.5, 246.3, 247, 273.5, 273.6, 417, 417.1, 417.2, 417.6, 422, 626.9, 646.9, 12023, or 12024, subdivision (b) or (d) of Section 12034, Section 12040, subdivision (b) of Section 12072, subdivision (a) of former Section 12100, Section 12220, 12320, or 12590, or Section 8100, 8101, or 8103 of the Welfare and Institutions Code, any firearm-related offense pursuant to Sections 871.5 and 1001.5 of the Welfare and Institutions Code, or of the conduct punished in paragraph (3) of subdivision [(g)] of Section 12072" is subject to the 10-year firearm prohibition.

However, the Legislature has carved a narrow avenue of relief from the 10-year ban by providing: "the [10-year] prohibition in [subdivision (c)(1)] may be reduced, eliminated, or conditioned as provided in [subdivision (c) (2)]." (§ 12021, subd. (c)(1).)

· Subdivision (c)(2) provides: "Any person employed as a peace officer described in Section 830.1, 830.2, 830.31, 830.32, 830.33, or 830.5 whose employment or livelihood is dependent on the ability to legally possess a firearm, who is subject to the prohibition imposed by this subdivision *because of a conviction under* Section 273.5, 273.6, or 646.9, may petition the court only once for relief from this prohibition. . . . Upon making each of the following findings, the court may reduce or eliminate the prohibition, impose conditions on reduction or elimination of the prohibition, or otherwise grant relief from the prohibition as the court deems appropriate:

"(A) Finds by a preponderance of the evidence that the petitioner is likely to use a firearm in a safe and lawful manner.

"(B) Finds that the petitioner is not within a prohibited class as specified in subdivision (a), (b), (d), (e), or (g) or Section 12021.1, and the court is not presented with any credible evidence that the petitioner is a person described in Section 8100 or 8103 of the Welfare and Institutions Code.

"(C) Finds that the petitioner does not have a previous conviction under this subdivision no matter when the prior conviction occurred. [¶] In making its decision, the court shall consider the petitioner's continued employment, the interest of justice, any relevant evidence, and the totality of the circumstances. The court shall require, as a condition of granting relief from the prohibition under this section, that the petitioner agree to participate in counseling as deemed appropriate by the court. Relief from the prohibition shall not relieve any other person or entity from any liability that might otherwise be imposed. It is the intent of the Legislature that courts exercise broad discretion in fashioning appropriate relief under this paragraph in cases in which relief is warranted. However, nothing in this paragraph shall be construed to require courts to grant relief to any particular petitioner. *It is the intent of the Legislature to permit persons who were convicted of an offense specified in* Section 273.5, 273.6, or 646.9 *to seek relief from the prohibition imposed by this subdivision.*" (Italics added.)

*Analysis*

We first determine whether Conley was within the class of persons who may seek discretionary relief from the firearm prohibition.[6] "We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] 'In determining intent, we look first to the language of the statute, giving effect to its "plain meaning." ' [Citations.] Although we may properly rely on extrinsic aids, we should first turn to the words of the statute to determine the intent of the Legislature. [Citation.] Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citation.]" (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672]; see also *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299] ["[i]f the [statutory] language is clear and unambiguous[,] there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature"].)

■ We conclude Conley is not within the narrow class of persons entitled to seek relief from the firearm prohibition under section 12021, subdivision (c)(2). Conley was convicted of violating section 243, thereby invoking the 10-year prohibition under section 12021, subdivision (c)(1). The plain language of subdivision (c)(2), the only legislatively-prescribed exemption available to Conley, permits certain peace officers who are "subject to the prohibition imposed by this subdivision *because of a conviction under Section 273.5, 273.6, or 646.9*" to seek the relief permitted under subdivision (c)(2). Conley was not subject to the prohibition based on a conviction for violating sections 273.5, 273.6, or 646.9, and therefore under the plain language of the statute does not qualify for relief.

■ Conley acknowledges the Legislature listed nearly 50 statutes the violation of which carries the 10-year firearm prohibition, but expressly authorized relief from the prohibition for convictions under only three of the listed statutes. However, Conley nevertheless asserts that, because the Legislature declared its intent was to allow relief to persons convicted of "an offense specified *in* Section 273.5" (§ 12021, subd. (c)(2)), we may—and under the rule of lenity (*People v. Hernandez* (2003) 30 Cal.4th 835, 869 [134 Cal.Rptr.2d 602, 69 P.3d 446]) should—construe the statute to allow relief for

---

[6] Where, as here, the facts are undisputed, we independently review the construction and application of the disputed statute to the undisputed facts. (*Murphy v. Padilla* (1996) 42 Cal.App.4th 707, 711 [49 Cal.Rptr.2d 722]; see also *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1502 [82 Cal.Rptr.2d 368] ["[w]e independently construe statutory law, as its interpretation is a question of law on which we are not bound by the trial court's analysis"].)

peace officers convicted of violating section 243 because section 243 is a lesser included offense *in* one of three enumerated offenses for which relief is available. (See *People v. Thurston* (1999) 71 Cal.App.4th 1050, 1053–1055 [84 Cal.Rptr.2d 221] [treating section 273.5 as form of aggravated battery].) However, Conley's construction minimizes consideration of the statutory language as a whole, and instead emphasizes the single preposition "in" to expand the narrow list of qualifying offenses into a broader list that potentially includes numerous offenses. Furthermore, a maxim of statutory construction states that the expression of certain items in a statute necessarily involves exclusion of other things not expressed. (*Fischer v. Los Angeles Unified School Dist.* (1999) 70 Cal.App.4th 87, 97 [82 Cal.Rptr.2d 452]; see also *In re Bryce C.* (1995) 12 Cal.4th 226, 231 [48 Cal.Rptr.2d 120, 906 P.2d 1275].) Because the Legislature has demonstrated its ability to identify the offenses that impose the 10-year prohibition *and* to identify the subset of those offenses that qualify for relief from the prohibition, we decline to add to the subset articulated by the Legislature under the guise of interpretation.

■ Conley next argues that interpreting section 12021, subdivision (c)(2) to permit relief for the three listed offenses but excluding relief for other offenses, including a violation of section 242, creates an arbitrary and irrational classification violating the equal protection clauses of the California and United States Constitutions. However, equal protection is not violated by a legislative scheme that distinguishes between different groups of persons if the classification bears a rational relationship to a legitimate public purpose. (*People v. Acuna* (2000) 77 Cal.App.4th 1056, 1061 [92 Cal.Rptr.2d 224].) When, as here, the classification is not based on a suspect class and does not involve a fundamental right, we evaluate the classification under the "rational basis" test and determine only if the classification "bears a fair relationship to a legitimate public purpose." (*In re Evans* (1996) 49 Cal.App.4th 1263, 1270 [57 Cal.Rptr.2d 314].) We remain "[m]indful of the deference we must accord the Legislature under the rational basis standard" (*Kasler v. Lockyer* (2000) 23 Cal.4th 472, 482 [97 Cal.Rptr.2d 334, 2 P.3d 581]) and uphold a statutory classification against an equal protection challenge "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." (*FCC v. Beach Communications, Inc.* (1993) 508 U.S. 307, 313 [124 L.Ed.2d 211, 113 S.Ct. 2096].)

The court in *In re Evans, supra*, 49 Cal.App.4th 1263 recognized that in 1993, when the Legislature amended the list of offenses invoking the 10-year firearm prohibition to add three offenses that "tend to arise out of troubled personal relationships" (*Evans*, at p. 1271) (e.g., violations of sections 273.5, 273.6, or 646.9), it also significantly narrowed the group of persons eligible to seek relief from the prohibition. First, the Legislature narrowed the list of persons eligible for relief from *any* person whose employment or livelihood was dependent on the ability to legally possess a firearm to peace officers

with that need. Second, the Legislature narrowed the list of offenses eligible for relief from *any* of the offenses listed in section 12021, subdivision (c)(1) to the three newly added offenses. (*Evans,* at p. 1267.) This statutory classification is supported by a reasonably conceivable state of facts providing a rational basis for treating differently the group of persons eligible for relief from other persons not similarly situated. The Legislature could reasonably conclude that a peace officer involved in a troubled domestic relationship who commits one of the listed offenses should be encouraged to plead guilty under an agreement for a probation/counseling disposition provided by sections 273.5, 273.6; or 646.9, and should not be dissuaded from seeking the benefits of the counseling contemplated by those sections by the concern that his or her guilty plea would necessarily carry a "career forfeiture" penalty. The court in *Evans* explained: "It will be recalled that it is limited to those convicted of offenses which tend to arise out of troubled personal relationships. Legislative history materials indicate that one reason for the provision was that the failure to allow for any appeal of the firearms prohibition might well discourage defendants from pleading guilty under an agreement for mandatory counseling—considered a 'valuable tool' in such cases, which may be uniquely suited to disposition by counseling rather than punishment. Although this appeal provision is now limited to peace officers, and does not extend to *any* person whose occupation requires the use of a firearm, the distinction is rational. Few other occupations *require* the ability to possess a firearm and none that we can think of is of such a skilled, professional, and typically long-term nature as is law enforcement. The Legislature could have reasonably determined that other persons subject to the firearms prohibition could obtain alternative employment." (*Evans,* at p. 1271.)

The Legislature could also reasonably conclude that peace officers who engage in criminal behavior toward strangers are more culpable than those whose crimes occur in the context of a dysfunctional domestic relationship, and the former group should not be accorded the same rehabilitative opportunities provided to the latter group. Because we can conceive of "facts that could provide a rational basis for the classification" (*FCC v. Beach Communications, Inc., supra,* 508 U.S. at p. 313), the distinctions drawn by section 12021, subdivision (c)(2) do not offend equal protection.

Conley argues that to the extent the People contend the classification is rationally related to the public purpose of according special consideration for peace officers involved in troubled domestic relationships, limiting eligibility for relief to only those three offenses is irrational and arbitrary because the classification is both overinclusive and underinclusive. Conley asserts it is overinclusive because relief is permitted for violation of the stalking statute (§ 646.9) and only some—not necessarily all—victims of a violation of the

stalking statute are domestic partners. He asserts it is underinclusive because a conviction for criminal threat under section 422 invokes the 10-year prohibition but the convicted peace officer is not eligible for relief even if the victim were the peace officer's domestic partner. However, the United States Supreme Court in *Vance v. Bradley* (1979) 440 U.S. 93 [59 L.Ed.2d 171, 99 S.Ct. 939], applying the rational basis test to reject an analogous challenge to a legislative classification, observed at pages 108–109: "Even if the classification involved here is to some extent both underinclusive and overinclusive, and hence the line drawn by Congress imperfect, it is nevertheless the rule that in a case like this 'perfection is by no means required.' [Citations.]. The provision 'does not offend the Constitution simply because the classification "is not made with mathematical nicety . . . ." ' [Citation] . . . [¶] Whether we, or the District Court, think Congress was unwise in not choosing a means more precisely related to its primary purpose is irrelevant." (Accord, *Kasler v. Lockyer, supra*, 23 Cal.4th at p. 487 ["The perfect can be the enemy of the good. . . . [T]he Legislature was not constitutionally compelled to throw up its hands just because a perfectly comprehensive regulatory scheme was not . . . achievable."].) Accordingly, the fact that one of the eligible offenses sweeps more broadly than necessary to achieve the legislative purpose, or that other offenses could have been included that would have furthered the legislative purpose, does not undermine our conclusion that the classification adopted by the Legislature bears a fair relationship to a legitimate public purpose.

Conley's final challenge asserts the statute violates equal protection because it could result in different disabilities for similarly situated offenders who commit battery on their domestic partners, based solely on the vagaries of whether the offender was convicted of the greater offense of violating section 273.5 (which *is* eligible for section 12021, subdivision (c)(2) relief) or was instead convicted on the lesser included offense of violating section 242/243, subdivision (e) (which is *not* eligible for section 12021, subdivision (c)(2) relief). However, Conley's section 242/243 conviction did not arise from a battery on a domestic partner victim and he therefore does not have standing to assert that equal protection claim in this case. " 'One who seeks to raise a constitutional question must show that his rights are affected injuriously by the law which he attacks and that he is actually aggrieved by its operation.' [Citation.]" (*People v. Cortez* (1992) 6 Cal.App.4th 1202, 1212 [8 Cal.Rptr.2d 580], quoting *People v. Black* (1941) 45 Cal.App.2d 87, 96 [113 P.2d 746].) Conley may not raise equal protection claims of other hypothetically disadvantaged peace officers as a basis to invalidate the statute's application to the circumstances of his case. (*People v. Garcia* (1999) 21 Cal.4th 1, 11–12 [87 Cal.Rptr.2d 114, 980 P.2d 829] [whether statute had hypothetical potential for equal protection violation "must await a case in which it is actually presented"]; *People v. Superior Court (Manuel G.)* (2002) 104 Cal.App.4th 915, 934 [128 Cal.Rptr.2d 794].)

## DISPOSITION

The order granting Conley's petition is reversed, and the trial court shall enter a new and different order denying Conley's petition.

McConnell, P. J., and Haller, J., concurred.