[No. E045289. Fourth Dist., Div. Two. June 19, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN J. VALDEZ, Defendant and Appellant.

**Counsel**

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch, Barry Carlton and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**RAMIREZ, P. J.**—A jury convicted defendant of inflicting corporal injury on his spouse (Pen. Code, § 273.5, subd. (a)),[1] raping his spouse (§ 262, subd. (a)(1)), raping her with a foreign object (§ 289, subd. (a)(1)) and violating a protective order (§ 273.6, subd. (a)). The trial court found that were it not prohibited by section 1203.065 from granting defendant probation because he was convicted of rape with a foreign object it would have done so. The trial court sentenced defendant to prison for eight years. Defendant appeals, claiming the prohibition on granting probation to one convicted of rape with a foreign object, or in his case, of raping his wife with a foreign object, violates equal protection because there is no similar prohibition for his rape of his wife. We reject his contention and affirm.

The facts of this case are irrelevant to this appeal.

### Issue and Discussion

At the time defendant committed his offenses, section 1203.065, subdivision (a) provided in pertinent part, "Notwithstanding any other law, probation shall not be granted to . . . any person who is convicted of violating paragraph (2) of subdivision (a) of Section 261, Section 264.1, 266h, 266i, or 266j, subdivision (a) of Section 289, of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, or of violating subdivision (c) of Section 311.14."

---

[1] All further references are to the Penal Code unless otherwise indicated.

There was no disallowance of probation in former section 1203.065 for a conviction of spousal rape under section 262, subdivision (a)(1). Defendant contends that this distinction between penetrating one's spouse with a penis, for which probation is available, and penetration with any other item, for which probation is not, violates the equal protection clause.

■ " 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*).) In *Hofsheier*, the two acts at issue were intercourse and oral copulation, both with minors. (*Id.* at p. 1192.) The California Supreme Court held, "The only difference between the two offenses is the nature of the sexual act. Thus, persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors 'are sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.' [Citation.]" (*Id.* at p. 1200.) ■ Under the compulsion of *Hofsheier*, we conclude that one who rapes one's spouse using a penis is sufficiently similar to one who rapes one's spouse using a foreign object in order to fulfill this first prerequisite.

■ Defendant asserts that the distinction in treatment of the two groups must bear a rational relationship to a legitimate state purpose. (*Kasler v. Lockyer* (2000) 23 Cal.4th 472, 481, 482 [97 Cal.Rptr.2d 334, 2 P.3d 581].) Such " ' " 'a statutory classification . . . must be upheld against [an] equal protection challenge *if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.* [Citations.] Where there are "plausible reasons" for [the classification], "our inquiry is at an end." ' " ' [Citations.] [¶] . . . '[T]hose attacking the rationality of the legislative classification have the burden "to negative every conceivable basis which might support it." ' . . . [W]e must undertake ' " ' "*a serious and genuine judicial inquiry* into the correspondence between the classification and the legislative goals" ' " ' [citation] by inquiring whether ' "the statutory classifications are rationally related to the 'realistically conceivable legislative purpose[s]' [citation]" . . . ". . . that could not have been within the contemplation of the Legislature . . . ." ' [Citation.]" (*Hofsheier, supra,* 37 Cal.4th at pp. 1200–1201.)

The reasoning the People unsuccessfully advanced in *Hofsheier* for the distinction is such a rationale here, i.e., the fact that spousal rape can result in

the conception and ultimate birth of a legitimate child of the marriage, while the act of rape with a foreign object cannot produce such a result. To prohibit the trial court from exercising its discretion to grant probation to the parent of a child thus conceived during marriage runs counterproductive to a number of legitimate societal goals.

In *Hofsheier*, the California Supreme Court rejected the possibility of pregnancy as a distinguishing feature, justifying a difference in treatment, because the People conceded that those who engage in sexual intercourse with minors also often engage in oral copulation, and as such, "[t]he effect of the father's mandatory registration on the mother and child does not depend on whether the registration is imposed for the act of sexual intercourse or the act of oral copulation." (*Hofsheier, supra*, 37 Cal.4th at p. 1205.) However, here, there is no concession by the People, nor a conclusion by this court, that a forcible act of penetration with a foreign object often accompanies forcible intercourse between husband and wife.

Indeed, the dissent in *Hofsheier* pointed out that "the Legislature expressly questioned whether extending the requirement [of mandatory lifelong registration as a sex offender] might have negative repercussions when voluntary intercourse between individuals in a relationship results in the birth of a child." (*Hofsheier, supra*, 37 Cal.4th at p. 1213 (dis. opn. of Baxter, J.).)

While the Legislature could have written into section 1203.065 an allowance of probation only in those cases of spousal rape that result in the birth of a legitimate child of the marriage, " '[t]he equal protection clause is not an authorization for the courts to second-guess the Legislature on the best way to deal with aspects of a problem. . . .' [Citation.]" (*Jasperson v. Jessica's Nail Clinic* (1989) 216 Cal.App.3d 1099, 1110 [265 Cal.Rptr. 301].) "[T]he fact that . . . other offenses could have been included that would have furthered the legislative purpose, does not undermine our conclusion that the classification adopted by the Legislature bears a fair relationship to a legitimate public purpose." (*People v. Conley* (2004) 116 Cal.App.4th 566, 576 [10 Cal.Rptr.3d 477].)

The People point to an additional reason why the distinction in the treatment of spousal rape and rape of a spouse with a foreign object bears a rational relationship to a legitimate state purpose. Although some acts of rape with a foreign object are accomplished with instruments smaller than a penis, others are not and, thus, the potential for greater violence and injury to the victim rests with that offense.

**DISPOSITION**

The judgment is affirmed.

McKinster, J., and Richli, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 30, 2009, S174856.