Filed 1/12/15  Rojas v. Shiomoto CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| SERGIO ROJAS, | |
| Plaintiff and Appellant, | G050453 |
| v. | (Super. Ct. No. CIVRS1202287) |
| JEAN SHIOMOTO, as Chief Deputy Director, etc., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Joseph R. Brisco, Judge.  Affirmed.

Law Office of Patrick Thomas Santos and Patrick T. Santos for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Michael E. Whitaker and Ernesto J. Fong, Deputy Attorneys General for Defendant and Respondent.

\*          \*          \*

Appellant Sergio Rojas was arrested and convicted in Los Angeles County for driving under the influence (Veh. Code, § 23152, subd. (a); all statutory references are to the Vehicle Code unless otherwise stated). Due to a pilot project in Los Angeles, Alameda, Sacramento, and Tulare Counties, a defendant convicted of driving under the influence must have an ignition interlock device installed on his or her vehicle before reinstatement of their driving privileges. (§ 23700, subd. (a)(3).) Rojas filed a petition for a writ of mandate in the San Bernardino County Superior Court, contending the pilot program violates his constitutional right to equal protection because Tulare County was included as one of the four counties in the pilot program due to the percentage of Hispanics in that county. The superior court denied Rojas's petition and found the pilot program satisfied both the rational basis test and the strict scrutiny test of equal protection. At oral argument, Rojas's counsel conceded the state has a compelling interest in reducing the rate of driving under the influence offenses.

Given there is nothing in the petition—other than his name—to indicate Rojas is Hispanic, he impliedly asks us to assume he is Hispanic.[1] We conclude Rojas lacks standing to raise the equal protection issue because he was not arrested and convicted in Tulare County. Thus, the inclusion of Tulare County in the pilot program did not have *any* effect on Rojas whatsoever and did not deny him equal protection.

---

[1] Not only did the petition not allege Rojas is Hispanic, the one page petition did not allege section 23700 suffers from a constitutional violation. After oral argument and submission of the matter, Rojas submitted a request for judicial notice of a record of military processing from the armed forces of the United States in an effort to establish his ethnicity. He also requested us to vacate submission and accept supplemental briefing on the issue of his ethnicity. We deny the untimely requests to take judicial notice of facts not presented to the superior court and for supplemental briefing.

I

FACTS AND PROCEDURAL HISTORY

According to the petition filed below, Rojas is a resident of San Bernardino County, and holds a valid California driver's license. He was arrested, and on February 17, 2002, convicted of a first-time driving under the influence offense in Los Angeles County. Upon learning of the conviction, the Department of Motor Vehicles (the DMV) ordered Rojas to install an ignition interlock device on his vehicle pursuant to section 23700. Rojas then filed a petition for a writ of mandate in the San Bernardino County Superior Court, seeking to have DMV's order set aside. He contends the pilot program discriminates against Hispanics and violates equal protection

Rojas and the DMV each requested the court to take judicial notice of certain legislative materials. The court granted the DMV's request, granted a portion of Rojas's request, and denied the balance. The court denied Rojas's petition, finding the writ petition was not for administrative mandate under Code of Civil Procedure section 1094.5, that driving is not a fundamental right and, consequently, section 23700 cannot be found to violate equal protection so long as there is a rational basis for the pilot program, and Rojas failed to demonstrate the pilot program discriminates against Hispanics. The court further found section 23700 satisfied the rational basis and strict scrutiny tests of equal protection. The court denied Rojas's claim for an exemption from the ignition interlock device pilot program and for private attorney general attorney fees. Rojas appealed.

II

DISCUSSION

When DMV is notified an individual has been convicted of driving under the influence in violation of section 23152 or section 23153, it immediately revokes the driving privilege of that individual. (§ 13351, subd. (a).) A defendant who has been convicted of a first-time violation of section 23152, and whose license has been

3

suspended or revoked, may receive a restricted driver's license from DMV upon satisfactory proof of (1) enrollment in or completion of a licensed driving-under-the-influence program, (2) financial responsibility, and (3) payment of all applicable fees. (§ 13352.4, subd. (a).) In 2009, the Legislature enacted section 23700. That section established a pilot program in four California Counties—Alameda, Los Angeles, Sacramento, and Tulare—from July 1, 2010, to January 1, 2016. (Stats. 2009, ch. 217.) It provides that notwithstanding any other law—including section 13352.4—before a defendant convicted of violating section 23152 or section 23152 can obtain a license to drive, the defendant must install an ignition interlock device in his or her vehicle. (§ 23700, subd. (a)(1).)

Rojas was convicted of violating section 23152 in Los Angeles County and is subject to section 23700's provisions. He contends section 23700 is unconstitutional because it denies him equal protection of the law. According to Rojas, Tulare County was included in the pilot program because it has an Hispanic majority population and a majority of those arrested in that county for driving under the influence (76.6 percent) are Hispanic. Consequently, he argues similarly situated defendants are treated differently based on the county in which they are convicted of driving under the influence. More specifically, he argues section 23700 violates equal protection because the Legislature improperly included Tulare County in the pilot program as the result of an improper race-based consideration.[2]

---

[2] Although Rojas argued below the imposition of the ignition interlock device requirement in only four out of California's 58 counties violates equal protection, for good reason he does not make that argument here. (See *McGlothlen v. Department of Motor Vehicles* (1977) 71 Cal.App.3d 1005; [four-county pilot project pertaining to the driver's license of one convicted of driving under the influence does not violate equal protection]; *Department of Motor Vehicles v. Superior Court* (1976) 58 Cal.App.3d 936, 940-942 [same].) Moreover, the United States Supreme Court has held a statute may constitutionally discriminate among individuals in different counties. (*Salsburg v. Maryland* (1954) 346 U.S. 545, 546.)

On appeal, we review the constitutionality of a statute de novo. (*Finberg v. Manset* (2014) 223 Cal.App.4th 529, 532.) Additionally, we independently review the application of the statute to undisputed facts. (*People v. Conley* (2004) 116 Cal.App.4th 566, 573, fn. 6.)

The United States and California Constitutions guarantee citizens the equal protection of the law. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.) California's constitutional provision has been interpreted to be "'substantially the equivalent'" of the Fourteenth Amendment. (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 571.) "Consequently, we deem our analysis of [defendant's] equal protection claim under the Fourteenth Amendment to the United States Constitution also applicable to [his] equal protection claim made pursuant to provisions in the California Constitution . . . ." (*Id.* at p. 572.)

"'The equality guaranteed by the equal protection clauses of the federal and state Constitutions is equality under the same conditions, and among persons similarly situated.' [Citation.]" (*People v. Boyce* (2014) 59 Cal.4th 672, 722.) Although the different treatment of similarly situated individuals may raise an issue of equal protection, differential treatment does not violate equal protection if an appropriate justification is demonstrated for the differential treatment. (*People v. McKee* (2010) 47 Cal.4th 1172, 1184 [matter remanded to give People opportunity to justify differential treatment].) Generally, dissimilar treatment will be upheld if it is "rationally related to a legitimate state interest." (*City of Cleburne v. Cleburne Living Center* (1985) 473 U.S. 432, 440.) This is known as the rational basis test. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) When the right infringed is deemed fundamental or the statute's distinctions are based on a suspect classification such as race, the legislation is subject to strict scrutiny. (*Clark v. Jeter* (1988) 486 U.S. 456, 461.) To pass constitutional muster under the strict scrutiny standard, the statute's restrictions must be "necessary to serve a

compelling state interest and . . . narrowly drawn to achieve that end. [Citation.]" (*Perry Educ. Assn. v. Perry Local Educators' Assn.* (1983) 460 U.S. 37, 45.)

Driving is not a fundamental right and a statute impinging one's driving privilege is not subject to strict scrutiny merely because it impacts that privilege. (*Hernandez v. Department of Motor Vehicles* (1981) 30 Cal.3d 70, 80.) Rojas argues section 23700 is subject to strict scrutiny because racial discrimination was a substantial or motivating factor in selecting *one* of the counties (Tulare) included in the pilot program.

It appears Assembly Bill No. 91, which became section 23700, was originally designed to apply in only three counties, Alameda, Los Angeles, and Sacramento. (Sen. Com. on Public Safety, Rep. on Assem. Bill 91 (2009-2010 Reg. Sess.) July 7, 2009.) The report stated Hispanics were the largest ethnic group among arrestees for driving under influence in 2009, and have been the largest group every year since 1992. It further pointed out that in most counties the majority of arrestees are White, but in eight rural counties, including Tulare, Hispanics comprise the majority of arrestees. In Tulare County, for example, 76.6 percent of driving under the influence arrestees in 2007 were Hispanic. The report asked whether it would "be appropriate to substitute one of these more rural counties for one of the urban counties currently in the bill?" It was suggested using one of the eight rural counties with a higher Hispanic population percentage and a high rate of arrest for driving under the influence would "give us a better understanding of any impact on a *statewide* mandate on [ignition interlock devices] would have[.]" (Italics added.) The Legislature did not substitute Tulare County for one of the three urban counties initially included in the proposed pilot program. Instead, Tulare County was added to the bill as a fourth county in the pilot program to test the effect of requiring installation of ignition interlock devices before driving privileges are reinstated after conviction for driving under the influence. (§ 23700, subd. (a).)

6

Rojas asserts Tulare County was added to the pilot program because of its Hispanic population and therefore, racial discrimination was a "motivating" factor in the statute's enactment. From this premise, he argues that as DMV cannot demonstrate Tulare County would have been added to the pilot program had the Legislature not considered the county's Hispanic population, the Legislature intended to treat Hispanics differently from all others similarly situated, and the statute fails strict scrutiny analysis.

For purposes of this appeal, "similarly situated" refers to those individuals who have been convicted of driving under the influence and who desire to regain a driver's license. "A prerequisite to a meritorious claim is that individuals '"similarly situated with respect to the legitimate purpose of the law receive like treatment."' [Citations.]" (*People v. Barrett* (2012) 54 Cal.4th 1081, 1107.)

Section 23700 does not treat Hispanics differently than other drivers who have lost their licenses due to a driving under the influence conviction. Neither does the statute have a disproportionate effect on Hispanic individuals convicted of driving under the influence. Although statistics indicate Hispanics generally are arrested for driving under the influence more than other ethnicities, that is not the case in three of the four counties involved in the pilot project. In Los Angeles, Alameda, and Sacramento counties, Whites are arrested more often for driving under the influence than any other ethnicity.

As section 23700 is a pilot project designed to test whether requiring those who have lost their driving privileges due to a conviction for driving under the influence to install an ignition interlock device results in a diminution of repeat offenses (§ 23700, subd. (a); Stats. 2009, ch. 217), it would seem to make sense to include urban and rural counties in the program. In this manner, review of the effectiveness of the pilot program could be analyzed as to its effectiveness in both urban and rural areas. However, even were we to conclude Tulare County was ultimately added to the pilot program because the Legislature thought it appropriate to include in the pilot program a county that has a

7

majority of inhabitants of the ethnic group that suffers a disproportionately high percentage of driving under the influence convictions, the decision to include Tulare County did not adversely affect Rojas. Rojas was not arrested and convicted of driving under the influence in Tulare County. He was arrested and convicted in Los Angeles County and he appears to concede the pilot project as it was originally designed to be conducted only in Los Angeles, Alameda, and Sacramento counties would have been proper. In other words, Rojas does not appear to contend a pilot project limited to less than all counties in the state violates equal protection. Hence, requiring him to install an ignition interlock device as a condition of getting his driving privilege back after having been convicted of driving under the influence in Los Angeles County had nothing to do with Tulare County's inclusion in the pilot program.

Rojas lacks standing to raise an equal protection challenge based on Tulare County's inclusion in the pilot project. He was not arrested and convicted in Tulare County and cannot raise the equal protection claim of those who were. (See *People v. Conley*, *supra*, 116 Cal.App.4th at p. 576.) In *Conley*, the defendant, a former police officer, was convicted of a misdemeanor battery (Pen. Code, §§ 242, 243, subd. (a)). He argued he should be relieved of the 10-year firearm prohibition of Penal Code section 12021, subdivision (c)(1) that results from a conviction for battery. (*People v. Conley*, *supra*, 116 Cal.App.4th at p. 568.) Penal Code section 12021, subdivision (c)(2) authorized the court could relieve a peace officer of the 10-year firearm prohibition when the officer is subject to the prohibition based on a conviction for violation of Penal Code section 273.5, 273.6, or 646.9—offenses involving domestic abuse—when the court makes certain favorable findings. (*People v. Conley*, *supra*, 116 Cal.App.4th at p. 572.) The defendant in *Conley* contended the statute violated equal protection because while the statute permitted a court to relieve a police officer of the 10-year firearm prohibition when convicted of domestic abuse, a police officer convicted of the lesser included offense of battery was not entitled to relief. (*Id*. at p. 576.) The appellate court found the

8

defendant could not raise the equal protection issue because his conviction for battery did not arise out of a domestic dispute. "'"One who seeks to raise a constitutional question must show that his rights are affected injuriously by the law which he attacks and that he is actually aggrieved by its operation." [Citation.]' [Citations.] Conley may not raise equal protection claims of other hypothetically disadvantaged peace officers as a basis to invalidate the statute's application to the circumstances of his case. [Citations.]" (*Ibid.*)

Rojas does not argue requiring installation of an ignition interlock device as the condition of regaining driving privileges after having been convicted of driving under the influence is in itself improper. He argues it is improper because individuals arrested and convicted in Tulare County would not have been subject to the test program but for the Legislature adding Tulare County to the pilot program based on an improper factor—race. Courts generally require a defendant to have been personally disadvantaged by the impropriety in the challenged statute. (See *People v. Burgener* (2003) 29 Cal.4th 833, 860-861, fn. 3 [defendant failed to demonstrate he was harmed by unconstitutional action]; *People v. Garcia* (1999) 21 Cal.4th 1, 11 [defendant, who has not been adversely affected "lacks standing to assert the equal protection claims of hypothetical felons who may be treated more harshly because their prior offenses were committed as juveniles"]; *People v. Conley*, *supra*, 116 Cal.App.4th at p. 576 [defendant could not raise equal protection argument of hypothetical law enforcement defendants convicted of simple battery as lesser included offense of domestic violence offense].) Because Rojas appears to concede the pilot program would have been proper had it been limited to the original three counties (Los Angeles, Alameda, and Sacramento) and he was arrested and convicted in Los Angeles County, he may not raise an equal protection claim of an Hispanic defendant convicted of driving under the influence in Tulare County and required to install the ignition interlock device mandated by section 23700.

9

There are occasions when the courts will permit a defendant to raise the equal protection argument of a third party, but this is not such a case. There are three requirements that must be met before a defendant can raise a third party's equal protection issue: "The litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute, [citation]; the litigant must have a close relation to the third party, [citation]; and there must exist some hindrance to the third party's ability to protect his or her own interests. [Citations.]" (*Powers v. Ohio* (1991) 499 U.S. 400, 411.) Rojas has not shown Hispanics convicted in Tulare County and required to install an ignition interlock device suffer some hindrance to their ability to protect their own interests. If Tulare County's inclusion in the pilot program violated equal protection—a conclusion we have not reached—one who has been adversely affected by that inclusion must raise the issue, not Rojas. Inclusion of Tulare County in the pilot program had no impact on Rojas.

Additionally, if Tulare County's inclusion in the pilot program were to be found to violate equal protection, the appropriate remedy would seem to be an order removing Tulare County from the program, not declaring the entire pilot program unconstitutional. Because Rojas would not personally benefit from such relief he lacks standing to litigate the equal protection issue. "The constitutional element of standing is plaintiff's demonstration of any injury to himself that is likely to be redressed by favorable decision of his claim. [Citation.]" (*Regents of Univ. of Cal. v. Bakke* (1977) 438 U.S. 265, 281, fn. 14.)

Because we conclude Rojas lacks standing to raise an equal protection claim in this matter and affirm the judgment, we need not address whether the superior court erred in refusing to award him attorney fees under the private attorney general statute, which provides for the award of attorney fees to a prevailing party in an action to enforce an important right affecting the public. (Code of Civ. Proc., § 1021.5.) Our resolution of the standing issue also makes it unnecessary for us to address whether

10

Rojas's writ petition below and this appeal are improper collateral attacks on his Los Angeles driving under the influence conviction. (See *In re Clark* (1993) 5 Cal.4th 750, 765 [writ is not substitute for litigating issue on appeal from conviction].)

## III

## DISPOSITION

The judgment is affirmed. The DMV shall recover its costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

11