Filed 5/17/16  P. v. Bazley CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041964 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. 114129 & 114130) |
| v. | |
| MICHAEL BAZLEY, | |
| Defendant and Appellant. | |

Appellant Michael Bazley appeals from an order denying his request for Proposition 47 relief.  On appeal, appellant contends that the trial court erred in denying misdemeanor designation for his access card forgery conviction.

### BACKGROUND

A complaint, filed on May 5, 1987, charged appellant with access card forgery (Pen. Code, § 484f, former subd. (2)).  The complaint alleged that the offense was committed in the following manner:  "The said defendant[] with the intent to defraud San Jose Towing, did sign the name of another, without authorization by the cardholder, to an access card, sales slip, sales draft and instrument for the payment of money which evidenced an access card transaction."  (Capitalization omitted.)

On May 27, 1987, appellant pleaded guilty to the offense charged in the complaint. The trial court sentenced appellant to a two-year prison term for the offense.[1]

On December 17, 2014, appellant filed a petition for writ of habeas corpus in the trial court, in which he requested to have his access card forgery conviction reduced to a misdemeanor pursuant to Proposition 47. The trial court construed the petition for writ of habeas corpus as "a petition for redesignation brought under the authority of Penal Code § 1170.18(f)."

On December 18, 2014, the trial court denied Proposition 47 relief, ruling that appellant's access card forgery conviction was ineligible for designation as a misdemeanor. The trial court explained: "[Appellant] is not entitled to relief because the forgery of an access or credit card is not among the seven items specified in Penal Code § 473(b) (*check, bond, bank bill, note, cashier's check, traveler's check, or money order*)." (Italics in original.)

## DISCUSSION

Appellant urges us to reverse the order denying Proposition 47 relief, arguing that the trial court erred in refusing to grant him such relief. His argument is twofold. He first asserts that he was eligible to have his access card forgery conviction designated as a misdemeanor under Penal Code section 473, subdivision (b). He next asserts that it violates equal protection principles to exclude his access card forgery conviction from misdemeanor designation. As explained below, we must affirm.

### Legal Principles: Proposition 47

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow*

---

[1] The trial court ordered the two-year term to run concurrent to terms appellant was serving on other cases.

2

(2015) 239 Cal.App.4th 875, 879 (*Sherow*)).  Proposition 47 now "makes certain drug- and theft-related offenses misdemeanors." (*Rivera, supra,* 233 Cal.App.4th. at p. 1091.)

Appellant's argument relies on Penal Code section 473, which was amended by Proposition 47.  Penal Code section 473 prescribes the punishment for forgery. Subdivision (a) of Penal Code section 473 now provides:  "Forgery is punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of Section 1170."  Subdivision (b) of Penal Code section 473 now provides, in pertinent part:  "Notwithstanding subdivision (a), any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year . . . ."

Penal Code section 1170.18, which was added by Proposition 47, "provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.' [Citation.]" (*Rivera, supra,* 233 Cal.App.4th at p. 1093.)  As relevant here, Penal Code section 1170.18 provides:  "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (Pen. Code, § 1170.18, subd. (f).)

A petitioner seeking Proposition 47 relief "must establish his or her eligibility" for such relief. (*Sherow, supra,* 239 Cal.App.4th at p. 878.)  The petitioner has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.*

3

at p. 880.) " 'If the crime under consideration is a theft offense under [Penal Code] sections 459.5, 473, 476a, 490.2 or 496, the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.)

***Access Card Forgery Convictions are Ineligible for Misdemeanor Designation Under Proposition 47***

Appellant's appeal presents an issue of statutory interpretation, namely whether access card forgery convictions are eligible for misdemeanor designation under Proposition 47. "Issues of statutory interpretation are questions of law subject to de novo review." (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790.)

In interpreting a voter initiative like Proposition 47, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." (*People v. Birkett* (1999) 21 Cal.4th 226, 231.) "If the terms are unambiguous, we presume the voters meant what they said, and the plain meaning of the language governs." (*Consulting Engineers & Land Surveyors of California v. California Dep't of Transp.* (2008) 167 Cal.App.4th 1457, 1463.) "If the plain, commonsense meaning of a statute's words is unambiguous, the plain meaning controls." (*Fitch v. Select Products Co.* (2005) 36 Cal.4th 812, 818.) " ' "When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." ' " (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.)

Appellant contends that his access card forgery conviction was eligible for misdemeanor designation under subdivision (b) of Penal Code section 473. We therefore must analyze the language of Penal Code section 473.

Under subdivision (a) of Penal Code section 473, forgery convictions are wobblers. (See Pen. Code, § 473, subd. (a) [stating that "[f]orgery is punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to

4

subdivision (h) of Section 1170"]); *Rivera, supra,* 233 Cal.App.4th at p. 1091[wobblers are "crimes that can be punished as either felonies or misdemeanors"].) Subdivision (b) of Penal Code section 473 provides an exception to the general rule expressed in subdivision (a), bestowing misdemeanor status upon specified types of forgeries. As we previously noted, Penal Code section 473, subdivision (b) states: "Notwithstanding subdivision (a), any person who is guilty of forgery relating to a *check, bond, bank bill, note, cashier's check, traveler's check, or money order*, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year . . . ." (Italics added.)

The plain language of Penal Code section 473 is clear and unambiguous. Under subdivision (b) of Penal Code section 473, a forgery conviction is a misdemeanor if the instrument utilized in the forgery is a check, bond, bank bill, note, cashier's check, traveler's check, or money order valued at $950 or less. If the forgery does not involve one of the seven instruments specified in Penal Code section 473, subdivision (b), it is a wobbler under subdivision (a) of Penal Code section 473. Appellant was convicted of access card forgery. An access card is not one of the seven instruments specified in Penal Code section 473, subdivision (b). Appellant therefore was ineligible to have his access card forgery conviction designated as a misdemeanor pursuant to Penal Code section 473, subdivision (b).

Appellant contends that "[t]he enumerated list of forged instruments in the amended [Penal Code] section 473, subdivision (b), can only reasonably be interpreted as a non-exhaustive list" of the forgeries that are eligible for misdemeanor designation. This argument is not persuasive. "[A] maxim of statutory construction states that the expression of certain items in a statute necessarily involves exclusion of other things not expressed." (*People v. Conley* (2004) 116 Cal.App.4th 566, 574.) Penal Code

5

section 473, subdivision (b) identifies forgeries involving seven specific instruments as eligible for misdemeanor designation. This is significant given that Penal Code section 470—the statute that defines forgery—identifies over 50 instruments with which forgery can be committed, including the seven instruments listed in subdivision (b) of Penal Code section 473. (Pen. Code, § 470, subd. (d).) We believe that the express identification of those seven instruments in Penal Code section 473, subdivision (b) excludes from misdemeanor designation forgeries committed with all other instruments. Moreover, to adopt appellant's argument and conclude that access card forgery convictions are eligible for misdemeanor designation, we would have to insert the term "access card" into subdivision (b) of Penal Code section 473. We decline to do so. " '[I]nsert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes.' " (*People v. Guzman* (2005) 35 Cal.4th 577, 587.) Appellant has thus failed to show that access card forgery convictions are eligible for misdemeanor designation under Proposition 47.

In sum, the plain language of Penal Code section 473 is clear and unambiguous. A forgery conviction is eligible for misdemeanor designation under subdivision (b) of Penal Code section 473 only if the instrument utilized in the forgery is a check, bond, bank bill, note, cashier's check, traveler's check, or money order valued at $950 or less. Access card forgery convictions therefore are not eligible for misdemeanor designation under Penal Code section 473, subdivision (b). The trial court did not err in ruling that appellant was ineligible for Proposition 47 relief.

### Appellant has Failed to Show an Equal Protection Violation

Appellant contends that it violates equal protection principles to exclude his access card forgery conviction from misdemeanor designation pursuant to Penal Code section 473, subdivision (b). Appellant cannot show an equal protection violation on the record here.

6

"The right to equal protection of the laws is guaranteed by the Fourteenth Amendment to the federal Constitution and article I, section 7 of the California Constitution." (*People v. Hubbart* (2001) 88 Cal.App.4th 1202, 1216.) The right to equal protection ensures that "persons similarly situated with respect to the legitimate purpose of the law receive like treatment." (*People v. Green* (2000) 79 Cal.App.4th 921, 924.) "In order to establish a meritorious claim under the equal protection provisions of our state and federal Constitutions appellant must first show that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." (*Ibid.*)

Appellant has not shown that he is similarly situated to those persons entitled to misdemeanor designation under Penal Code section 473, subdivision (b). Penal Code section 473, subdivision (b) bestows misdemeanor status only if the value of the instrument utilized in the forgery "does not exceed nine hundred fifty dollars ($950)." (Pen. Code, § 473, subd. (b).) Nothing in the record before us demonstrates that appellant's forgery conviction involved an access card transaction valued at $950 or less. Appellant presented no evidence in the Proposition 47 proceedings to show that the access card transaction was valued at $950 or less, and the record of appellant's conviction does not contain any evidence showing that the access card transaction was valued at $950 or less. Indeed, appellant concedes that the "record is silent as to the amount" involved in the access card transaction. Because nothing in the record demonstrates an access card transaction valued at $950 or less, appellant has failed to satisfy the similarly situated requirement for his equal protection claim.

Appellant urges this court to "presume that the amount at issue in his case was less than $950" and find an equal protection violation based on the presumed value. We cannot do so. "The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must

7

affirmatively demonstrate error on the face of the record." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.)  Moreover, when a Proposition 47 petitioner seeks misdemeanor designation pursuant to Penal Code section 473, he bears the burden of proving a value of $950 or less.  (*Sherow, supra,* 239 Cal.App.4th at p. 879.)  We therefore will not presume that appellant's forgery conviction involved an access card transaction valued at $950 or less.

Given the appellate record's silence regarding the value of the access card transaction, appellant has not shown that he is similarly situated to those persons entitled to misdemeanor designation under Penal Code section 473, subdivision (b), and his equal protection claim necessarily fails.  Pursuant to appellant's request, we will affirm without prejudice to any relief that may be available on a subsequent equal protection challenge that demonstrates an access card transaction valued at $950 or less.

## DISPOSITION

The order denying misdemeanor designation is affirmed without prejudice to any relief that may be available on an equal protection challenge that demonstrates an access card transaction valued at $950 or less.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
MÁRQUEZ, J.

9