[No. A011503. First Dist., Div. Four. Nov. 23, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
SIDNEY DARNELL EASTER, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for publication with the exceptions of parts I, II, III(1) through III(5) and III(7).

**COUNSEL**

Jonathan M. Purver, under appointment by the Court of Appeal, Patrick R. Murphy, Public Defender, and David C. Coleman III, Assistant Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, William D. Stein, Assistant Attorney General, Thomas A. Brady, Herbert F. Wilkinson and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**POCHÉ, J.**—Subsequent to this court's initial consideration of this appeal, the California Supreme Court held that the holding of *Carlos* v. *Superior Court* (1983) 35 Cal.3d 131 [197 Cal.Rptr. 79, 672 P.2d 862], applied to all

cases then pending on appeal and set forth the standard of prejudice to be applied to such an error. (*People* v. *Garcia* (1984) 36 Cal.3d 539 [205 Cal.Rptr. 265, 684 P.2d 826].) Thereafter this cause was retransferred to us for the limited purpose of reconsideration in light of *Garcia*. While this case was pending in the reconsideration stage, the high court decided *People* v. *Anderson* (1987) 43 Cal.3d 1104 [240 Cal.Rptr. 585, 742 P.2d 1306], which overruled *Carlos* to the extent it had held that the trial court must instruct on intent to kill in conjunction with a felony-murder special circumstance allegation where the defendant is the actual killer. Because defendant was the actual killer in this case, we find no instructional error to have occurred and affirm.

## I-III*

. . . . . . . . . . . . . . . . . . . .

### (6) *The Carlos issue*

Subsequent to the trial in this case, the California Supreme Court held that the 1978 death penalty initiative must be construed to require an intent to kill or to aid in a killing as an element of the felony-murder special circumstance. (*Carlos* v. *Superior Court, supra,* 35 Cal.3d at p. 136.) Thereafter the California Supreme Court overruled *Carlos* and held "intent to kill is not an element of the felony-murder special circumstance; but when the defendant is an aider and abetter rather than the actual killer, intent must be proved." (*People* v. *Anderson, supra,* 43 Cal.3d at p. 1147. ▮ Thus, the trial court must instruct on intent to kill as an element of the felony-murder special circumstance where there is evidence from which the jury could find that defendant was an aider and abetter rather than the actual killer. (*Ibid.*) Here, the prosecution's theory was that defendant was the actual killer; the defense was misidentification. That defendant was an accomplice was a theory neither argued below nor presented to the jury. For this reason, the trial court did not err in failing to instruct on intent to kill.[11]

▮ Defendant argues that *Anderson* cannot be applied to cases tried and appealed prior to its rendition, for to do so "would operate in an *ex post*

---

*See footnote, *ante,* page 183.

[11] The jury was instructed: "To find the special circumstance, referred to in these instructions as murder in the commission of robbery and/or burglary is true, it must be proved: [¶] (1) That the murder was committed while the defendant was engaged in the commission of a robbery and/or burglary. [¶] (2) That the murder was committed in order to carry out or advance the commission of the crime of robbery and/or burglary, or to facilitate the escape therefrom or to avoid detection. In other words, the special circumstances referred to in these instructions is not established if the robbery and/or burglary was merely incidental to the commission of the murder." (CALJIC No. 8.81.17 (1980 rev.).)

*facto* manner" thereby violating the due process principles espoused in *Bouie* v. *City of Columbia* (1964) 378 U.S. 347 [12 L.Ed.2d 894, 84 S.Ct. 1697], and *Keeler* v. *Superior Court* (1970) 2 Cal.3d 619 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]. (Italics in original.) There is nothing in the least ex post facto about application of *Anderson* to this case.

It will be recalled that the rule of *Carlos* was first announced after the trial of this case and, once the new rule was found to be retroactive, it worked to defendant's advantage: he was entitled to be retried under instructions requiring the jury to find an additional element in conjunction with the felony-murder special circumstances, an intent to kill. *Anderson* came along and in essence returned to the rule in effect at the time of defendant's crimes and his trial: intent to kill was not an element of the felony-murder special circumstance insofar as the principal is concerned. There is nothing violative of the ex post facto clause in ordering the parties to be governed by the law as it stood at the time of the trial and at the time of the defendant's conduct.

Nothing in *Bouie* or *Keeler* alters this conclusion. At issue in those cases was judicial construction of a criminal statute enlarging the reach of the statute from what it had been at the time of the commission of the act. In other words, as recently judicially construed, the statute would punish an act which was not criminal at the time performed. Under those circumstances the United States Supreme Court in *Bouie* did not hesitate to invoke the due process clause: "Indeed, an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an *ex post facto* law, such as Art. I, § 10, of the Constitution forbids. An *ex post facto* law has been defined by this Court as one 'that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action,' or 'that *aggravates* a *crime,* or makes it *greater* than it was, when committed.' [Citation, fn. omitted.] If a state legislature is barred by the *Ex Post Facto* Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process Clause from achieving precisely the same result by judicial construction. [Citation.] The fundamental principle that 'the required criminal law must have existed when the conduct in issue occurred,' [citation] must apply to bar retroactive criminal prohibitions emanating from courts as well as from legislatures. If a judicial construction of a criminal statute is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' it must not be given retroactive effect. [Citation.]" (*Bouie* v. *City of Columbia, supra,* 378 U.S. at pp. 353-354 [12 L.Ed.2d at pp. 899-900], italics in original; accord *Keeler* v. *Superior Court, supra,* 2 Cal.3d at pp. 634-635.)

The situation at hand is obviously distinct from the situation addressed in *Bouie. Anderson* did not make criminal what was innocent at the time of

defendant's conduct. Nor did *Anderson* impose a punishment different from what existed at the time of defendant's conduct. Instead, the only effect of *Anderson* is to render valid the jury instructions delivered to defendant's jury on the felony-murder special circumstances. Therefore, *Anderson* may govern the outcome of this case on appeal without offending the due process clause.

(7)*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment is affirmed.

Anderson, P. J., and Channell, J., concurred.

A petition for a rehearing was denied December 21, 1987, and appellant's petition for review by the Supreme Court was denied March 17, 1988.

---

* See footnote, *ante,* page 183.