Filed 8/13/25  P. v. Stuckey CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101492 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE012729) |
| v. | |
| EARL CLIFTON STUCKEY III, | |
| Defendant and Appellant. | |

After a jury trial, defendant Earl Clifton Stuckey III was convicted of two counts of raping his spouse in May 2016.  The trial court imposed an aggregate term of nine years in prison.  On appeal, Stuckey contends that his convictions under Penal Code[1] section 261, subdivision (a)(2) and sentence violate ex post facto principles.  We agree as to his sentence and remand the cause for a new sentencing hearing.  We otherwise affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

# BACKGROUND

In 2015, C. Doe and Stuckey were married and lived together with their children in an apartment. After Stuckey admitted his infidelity, he and Doe slept in different rooms and eventually agreed to stop being intimate with one another while they worked on their marriage.

On May 8, 2016, Doe put the children to bed then went out to the living room, where Stuckey was. Attempting to relieve back pain, Doe lay down on her stomach on the floor. When Stuckey made a sexual advance, Doe rebuffed him. Stuckey straddled her from behind and sat on her legs. Doe tried to roll over, but Stuckey grabbed her hands and held them behind her back, effectively pinning Doe. Stuckey then removed Doe's pajama bottoms and underwear. When Doe demanded that Stuckey get off her and leave her alone, Stuckey replied, "[D]on't be mad. I'm sorry." Stuckey penetrated Doe's vagina with his penis and eventually ejaculated; Doe repeatedly told him to stop. When he was finished, Stuckey left and went to his bedroom. Doe felt "[s]cared, betrayed, [and] kind of disgusted." However, she did not report it to law enforcement.

Stuckey and Doe continued to live together. A couple of weeks later on May 22, Doe sat on the couch with her laptop. She wore pajamas with a bra and underwear. Stuckey came out of his room naked and asked, "Why don't you want me?" Doe told Stuckey that if he wanted to talk, he needed to get dressed. Eventually, Doe tried to get up off the couch to leave, but Stuckey pushed her down and they "began to struggle." Stuckey held Doe down on the couch and Doe started to kick Stuckey; they ended up on the floor. Doe demanded that Stuckey stop and let her go. Stuckey said, "I'm sorry."

Stuckey pulled down Doe's pajama bottoms and underwear at some point, ripping the sides of her underwear. She told him to get off her and to stop. At this point, Doe was on the floor on her back with her forearms over her chest; Stuckey straddled her thighs. Stuckey penetrated Doe's vagina with his penis. Doe told Stuckey to stop "[m]ultiple times." Stuckey again responded with, "I'm sorry."

2

Stuckey then walked into his bedroom; Doe heard a loud bang, and she later saw a hole in the wall of his bedroom. Stuckey then went outside. He eventually returned, went into his bedroom and packed, then left the apartment.

Doe did not call the police because she felt "partly to blame." She kept in touch with Stuckey afterwards—mostly via text and e-mail—because she was still hopeful that he could change if he got some help.

Over the course of the months that followed, Doe and Stuckey rented a storage unit where they would exchange items of importance like personal items, documents, gifts for the children, or money. One time, before the end of 2016, Stuckey left a handwritten letter for Doe in the storage unit. In relevant part, the letter stated: "This week I had a realization regarding what happened in May. . . . Due to my lack of self-control and selfishness that night, instead of responding to the kindness you had shown, I responded with anger, and fear . . . . [¶] . . . I immediately recognized my wrong. [¶] With great remorse, I confess that I was wrong, and I apologize. I understand my fault and admit that I was not seeking to prefer [sic] you above my own self . . . . [¶] . . . [¶] In this act that I performed, I was most certainly at fault . . . ." Stuckey also texted Doe: "No defense for my actions. They were wrong. Absolutely wrong. [¶] I would like to express my apology for raping you. It was in my heart to make things better for us before that happened. Although you already said that you forgive me, I am asking you to please forgive . . . ."

Doe filed for divorce in December 2016, got a restraining order in February 2017, and the divorce was final in June 2017. Although Doe mentioned the sexual assaults for purposes of the restraining order, she did not file a formal report with law enforcement until March 2018.

As part of the investigation, Doe made a recorded phone call to Stuckey. At that time, they had not spoken in eight or nine months. In the phone call, Doe told Stuckey that he had not "owned up to what he did." When she specifically asked about what had

3

happened in May, Stuckey admitted that what he "did was wrong" and that he took away her self-worth and treated her like an object. Doe asked, "Yeah, are you even able to say what you did to me? Like, actually speak it with your words?" Stuckey responded, "I'm sure I raped you. And, I was wrong." When Doe asked Stuckey why he raped her, Stuckey responded that he had been at his "wits end," stressed out, and thought that sex would make him "feel better." Doe also asked him why he did not stop when she asked him to, and Stuckey said he did not stop because he was selfish and had no self-control at the time. When Doe pointed out that Stuckey raped her not once, but twice, Stuckey said, "[Doe], I don't have a defense against that."

At trial, Stuckey testified in his own defense. He denied ever raping Doe. Stuckey admitted that on May 23, 2016, he was naked when he asked Doe for intimacy and they got into a "scuffle." Stuckey further admitted that he was a "bit forceful," but he denied having sex with her. He also admitted that, afterwards, he went into his bedroom and punched a hole in the wall. Although Stuckey acknowledged that he previously admitted to raping Doe, he claimed that he was just being sensitive to the fact that she had been assaulted in the past. When Doe "likened" the assault to a "rape," Stuckey said that he "kinda just bounced with it." He explained that he was "very desperate" to reconcile and thought the best he could do for his family was to take overall responsibility without regard to the cost.

In 2019, the prosecutor charged Stuckey with two counts of spousal rape (former § 262, subd. (a)(1)) of C. Doe, occurring on May 8, 2016, and May 23, 2016. The prosecutor filed an amended information in November 2022, alleging the same two counts of spousal rape, but under section 261, subdivision (a)(2), instead of under former section 262, subdivision (a)(1).[2]

---

[2] Effective January 1, 2022, the Legislature repealed section 262 and amended section 261 to encompass spousal rape. (Stats. 2021, ch. 626, §§ 17, 20 (Assem. Bill No. 1171) (2021-2022 Reg. Sess.).)

4

The first jury trial resulted in a hung jury, but a second jury found Stuckey guilty of both counts.[3]

The trial court sentenced Stuckey to three years for count one and six consecutive years for count two for a total determinate term of nine years.

Stuckey filed a timely notice of appeal.

## DISCUSSION

### I

### *Ex Post Facto*

Stuckey contends that his conviction and punishment under section 261, subdivision (a)(2) violate ex post facto principles because:  (1) the 2016 version of that statute did not apply to forcible rape between married parties and; (2) by sentencing him pursuant to section 261, subdivision (a)(2), he was subjected to increased punishment as the statute in effect at the time of his conduct permitted a probationary sentence.

Both the California and United States Constitutions proscribe ex post facto laws. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.)  The ex post facto clause forbids the enactment of " 'any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed.' "  (*Collins v. Youngblood* (1990) 497 U.S. 37, 42; see *People v. White* (2017) 2 Cal.5th 349, 360.)  We review an ex post facto claim de novo.  (*In re Sampson* (2011) 197 Cal.App.4th 1234, 1241.)

---

[3]    The jury found not true several factors alleged in aggravation for sentencing purposes and the trial court dismissed the final additional allegation for insufficient evidence.

A.  Offense of Rape

In 2016, the act of forcible rape was prohibited and the marital status of the victim determined whether the appropriate charge was pursuant to former sections 261 or 262. Section 262 provided, as relevant here:  "(a) Rape of a person who is the spouse of the perpetrator is an act of sexual intercourse accomplished under any of the following circumstances:  [¶]  (1) . . . against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another."  In contrast, former section 261, subdivision (a) provided:  "Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator . . . ."

Effective January 1, 2022, however, the Legislature eliminated the distinction between spousal and nonspousal rape by repealing section 262 and amending section 261 to read, as relevant here:  "(a) Rape is an act of sexual intercourse accomplished under any of the following circumstances:  [¶] . . . [¶]  (2) . . . against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another."  (Stats. 2021, ch. 626, § 17.)  Comparing section 261 subdivision (a)(2) to former section 262, subdivision (a)(1), it is readily apparent that section 261 does not punish conduct that was previously innocent.  The definition, and therefore elements of the conduct constituting forcible rape remained intact; the statutory changes only eliminated the distinction between spousal and nonspousal victims.  A law does not operate ex post facto unless it " ' "change[s] the legal consequences of an act completed before [the law's] effective date," namely the defendant's criminal behavior.' "  (*People v. Trujeque* (2015) 61 Cal.4th 227, 256.)

Stuckey does not contend the conduct that constitutes the forcible rape element is different in current section 261, subdivision (a)(2) than in former section 262, subdivision (a)(1).  Rather, he contends that his convictions, as designated under section 261, cannot stand because the 2016 version of section 261 required the forcible rapes to be committed against a *non*spouse.  He contends that because his offense, spousal rape under former

6

section 262, was not a lesser included offense of the prior version of section 261 and no longer exists, he cannot be convicted of spousal rape under the current version of section 261.

Stuckey fails to persuade us that the Legislature's elimination of the distinction between spousal and nonspousal victims violates ex post facto principles where the underlying elements of forcible rape otherwise remain the same. The prohibition against ex post facto laws prohibits in part, "retroactive application to a criminal defendant of a statute or statutory amendment which enlarges the elements of an offense—making criminal conduct that was encompassed within the statutory definition of the offense at the time of the defendant's conduct." (*People v. Jennings* (1988) 46 Cal.3d 963, 984.) That did not occur here. Under both the statute in effect at the time of Stuckey's conduct, section 262, subdivision (a)(1), and under the statute he was convicted of, 261, subdivision (a)(2), forcible rape of a spouse was prohibited conduct. The only difference is that now, the prosecutor no longer needs to prove the element of the victim's marital status. (§ 261, subd. (a)(2).) This narrowing of the offense does not violate ex post facto laws because it does not retroactively make innocent conduct criminal or otherwise enlarge the elements of the offense. Under these circumstances, there is no retroactive application of a law that disadvantages Stuckey by altering the definition of criminal conduct. (See *Lynce v. Mathis* (1997) 519 U.S. 433, 441 [a law that violates the ex post facto clause has two components, "a law must be retrospective—that is, 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it,' [citation], by altering the definition of criminal conduct . . ."]; *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 294 [" ' "any statute [1] which punishes as a crime an act previously committed, which was innocent when done; [2] which makes more burdensome the punishment for a crime, after its commission, or [3] which deprives one charged with crime of any defense available according to law at the time when the act

7

was committed, is prohibited as *ex post facto*" ' "], quoting *Collins v. Youngblood, supra,* 497 U.S. at p. 42.)

Stuckey claims that because current section 261, subdivision (a)(2) does not contain the element of the victim's marital status contained in former section 262, subdivision (a)(1), the latter cannot be a lesser included offense of the former. Accordingly, Stuckey contends, if we agree that his conviction was improper under section 261, subdivision (a)(2), we should not conclude he was guilty of former section 262, subdivision (a)(1) as a lesser included offense. In light of our conclusion that Stuckey's conviction is properly designated as a violation of section 261, subdivision (a)(2), we need not address this contention.

Here, all the elements of both former section 262, subdivision (a)(1) and current section 261, subdivision (a)(2) were satisfied as the jury found Stuckey forcibly raped Doe and the facts otherwise established Doe was his wife. (See *People v. Prieto* (2003) 30 Cal.4th 226, 245 [the marital status of the victim in a rape case " 'need not be shown by direct evidence [citation], but may be demonstrated by circumstantial evidence where no direct question is asked' "].) Thus, the prosecution met its burden as to the offense Stuckey committed in 2016. Again, the fact that the prosecution need no longer prove the marital status of the victim does not retroactively change the criminality of Stuckey's acts.[4] There is nothing violative of the ex post facto clause when the parties are governed by the law as it stood at the time of trial and at the time of the defendant's conduct. (*People v. Easter* (1987) 197 Cal.App.3d 183, 186.) However, we conclude, as explained below, that Stuckey's sentence does violate ex post facto laws.

---

[4] Our conclusion that there is no ex post facto violation in the charged offense eliminates the need to address Stuckey's alternative claim that trial counsel's failure to object to the amended complaint amounted to constitutionally ineffective assistance.

B. Punishment

The ex post facto clause also prohibits a change in law that retroactively increases the penalty by which the crime is punished. (*People v. Delgado* (2006) 140 Cal.App.4th 1157, 1164.) For ex post facto purposes, "it is the prosecution's responsibility to prove to the jury that the charged offenses occurred on or after the effective date of the statute providing for the defendant's punishment. When the evidence at trial does not establish that fact, the defendant is entitled to be sentenced under the formerly applicable statutes even if he raised no objection in the trial court." (*People v. Hiscox* (2006) 136 Cal.App.4th 253, 256.)

At the time Stuckey committed the offenses, section 262, subdivision (d) provided "if probation is granted upon conviction of violation of this section" other specified conditions may also be imposed. In 2016, section 1203.065 precluded probation for many sexual offenses but did not exclude convictions for spousal rape pursuant to section 262. (*People v. Valdez* (2009) 174 Cal.App.4th 1528, 1531.) Thus, if Stuckey had been convicted under former section 262, as originally charged, he would have been eligible for probation. Section 1203.065, subdivision (a) however, prohibits the trial court from granting probation to a person who is convicted of violating section 261, subdivision (a)(2). (§ 1203.065, subd. (a).)

In sentencing Stuckey under section 261, subdivision (a)(2), the court relied on the probation department's presentence report, which stated that Stuckey was not eligible for probation pursuant to section 1203.065. Otherwise, probation was not mentioned during the sentencing hearing.

Citing *People v. Scott* (1994) 9 Cal.4th 331, the People argue Stuckey forfeited his claim by failing to object to the court's intended sentence. *Scott* held that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*Id.* at p. 356.) However, Stuckey does not challenge the manner in which the trial court

9

exercised its sentencing discretion but rather its apparent misunderstanding of statutory sentencing obligations. There is no indication the court appreciated that because the offense was committed in 2016, Stuckey was eligible for probation and forfeiture in this context is inappropriate. (See *In re D.L.* (2012) 206 Cal.App.4th 1240, 1244 [no forfeiture where the minor was not challenging the court's failure to state reasons for a discretionary sentencing choice but rather its failure to comply with its statutory obligations to consider his suitability for deferred entry of judgment]; *In re Sean W.* (2005) 127 Cal.App.4th 1177, 1181-1182 [no forfeiture where the minor's claim was that the court misapprehended its discretion, not a challenge to how it exercised that discretion].)

The People assert that, if we do not find the matter forfeited, we should remand the cause for a new sentencing hearing where the trial court may consider probation. We agree. The applicable punishment is that as described in the statute in effect at the time the offense was committed. Because Stuckey was eligible for probation under the statute in effect at the time of his conduct, and the amended section 261 increases punishment by prohibiting probation, Stuckey was entitled to a sentence in which the trial court exercised its discretion on whether to impose probation and failure to do so impacts Stuckey's rights under the ex post facto clause. (See *People v. Delgado, supra*, 140 Cal.App.4th at p. 1171 [application of new statute removing the trial court's discretion to impose a shorter probationary term than what was allowed at the time of the commission of the offense operated ex post facto and required remand for sentencing under the law in place when the defendant committed the offenses].) As there is no indication the trial court was aware of this and indeed the probation report actively misguided the court, Stuckey is entitled to remand for informed consideration of all sentencing possibilities including probation.

## II

### *Battery as a Lesser Included Offense*

Stuckey contends his rape conviction in count two must be reversed because the trial court failed to sua sponte instruct on the lesser included offense of battery when there was a conflict in the evidence regarding whether Stucky engaged in forcible sexual intercourse or merely forceful behavior during a scuffle. Citing *People v. Guiterrez* (1991) 232 Cal.App.3d 1624 at page 1636, disapproved on another ground in *People v. Cromer* (2001) 24 Cal.4th 889 at page 901, footnote 3, the People agree that battery is a lesser included offense of forcible rape but counter that the instruction was not warranted because there was no substantial evidence from which a reasonable person could conclude that battery but not the forcible sexual intercourse was committed. We agree with the People.

" ' "The trial court has a sua sponte duty to instruct on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present and there is evidence that would justify a conviction of such a lesser offense.' " " (*People v. Hughes* (2002) 27 Cal.4th 287, 365.) An instruction on a lesser included offense of the charged offense is not required unless the evidence is such that the "jury could reasonably conclude that the defendant committed the lesser offense but not the greater one." (*People v. Hardy* (2018) 5 Cal.5th 56, 98.) " ' "[I]f there is no proof, other than an unexplainable rejection of the prosecution's evidence, that the offense was less than that charged, such instructions [on lesser included offenses] shall not be given." ' " (*People v. Friend* (2009) 47 Cal.4th 1, 51-52.) In such a case, the jury is properly left with " 'an all-or-nothing choice' "—either the defendant committed the greater offense, or none at all. (*Id*. at p. 52; see, e.g., *People v. Ghent* (1987) 43 Cal.3d 739, 757 [rejecting the defendant's claim that trial court erred in failing to instruct on certain lesser offenses of rape, including battery and simple assault, because "under the evidence defendant was guilty of 'rape or attempted rape or nothing' "]; accord *People v.*

11

*Leal* (2009) 180 Cal.App.4th 782, 792 [concluding trial court did not err in failing to instruct on simple assault as lesser included offense because "no reasonable juror could have found that he was guilty of simple assault but not guilty of assault with intent to commit either rape or another sexual offense"].)

We review de novo a claim that the trial court failed to instruct on a lesser included offense. (*People v. Licas* (2007) 41 Cal.4th 362, 366.) "The erroneous failure to instruct on a lesser included offense generally is subject to harmless error review under the standard of *People v. Watson* (1956) 46 Cal.2d 818 at pages 836-837. Reversal is required only if it is reasonably probable the jury would have returned a different verdict absent the error or errors complained of." (*People v. Rogers* (2006) 39 Cal.4th 826, 867-868, fn. omitted.)

In this case, the second incident leading to count two (May 23, 2016) was not accompanied by substantial evidence that Stuckey committed only battery and not the forcible rape of his spouse. Doe testified that she was on the couch when he appeared naked and attempted to initiate intimacy. When Doe refused and tried to leave, Stuckey pushed her down and they "began to struggle." They ended up on the floor and Stuckey pulled down Doe's pajama bottoms and underwear, ripping the sides of her underwear. Doe was on the floor on her back with her forearms over her chest; Stuckey straddled then penetrated her. Stuckey admitted that during this incident, he was naked when he tried to initiate intimacy and that he was forceful, but denied they had intercourse.

Under these circumstances, in order to find that Stuckey committed a battery upon Doe, but that he did not sexually assault her, the jury would have had to accept that portion of Doe's testimony in which she testified that on that occasion Stuckey appeared naked, requested intimacy, then physically assaulted and battered her—which was corroborated by Stuckey—but somehow reject her testimony that, during that struggle, he sexually assaulted her. There is no basis on which a reasonable juror was likely to make such a finding. (See *People v. Miranda* (2021) 62 Cal.App.5th 162, 178 [posttrial review

12

under *Watson* " 'focuses not on what a reasonable jury *could* do, but what such a jury is *likely* to have done in the absence of the error under consideration' "].)  Because "there is no proof, other than an unexplainable rejection of the prosecution's evidence, that the offense was less than that charged" (*People v. Kraft* (2000) 23 Cal.4th 978, 1063), the trial court did not err in failing to sua sponte instruct the jury on the lesser included offense of battery.

## DISPOSITION

The judgment of conviction is affirmed but Stuckey's sentence is vacated, and the matter is remanded for resentencing under the law in effect at the time Stuckey committed his offenses.  The amended abstract of judgment shall reflect application of the correct sentencing provisions and be forwarded to the Department of Corrections and Rehabilitation.


                                              /s/
                                        EARL, P. J.



We concur:


      /s/
ROBIE, J.


      /s/
WISEMAN, J.*

_____

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.